THOMAS, Justice
(dissenting).
I must disagree with the opinion of Mr. Justice DREW that if a prospective voter enters a voting booth and leaves it without expressing a choice he has nonetheless participated in the election. It is my view that to participate, or take part, in an election is to vote in it.
As was written in Special Tax School Dist. No. 3, Dade County v. State, 153 Fla. 292, 14 So.2d 405, 407, “[vjoting usually is the formal expression of opinion or choice, either upon some question * * * or upon the election of officers or representatives.”
True, there is some difference between the factual situations with which the court dealt in that case, in State v. Dade County, 144 Fla. 448, 198 So. 102, and in State v. City of Miami Beach, 156 Fla. 546, 23 So.2d 720, but the difference does not amount to a distinction. The basic principle is the same: he who would be counted as participating should vote.
Recognition of that principle in this case would be in complete harmony with the cases cited, and would lead to accuracy and certainty in determining results obviating litigation such as we are now entertaining for as we indicated in the case last cited the number of voters participating, *583 as required by Sec. 6 of Article IX, would become obvious by simply adding the negative and affirmative votes.
I agree with what Mr. Justice Chapman wrote in Special Tax School Dist. No. 3, Dade County v. State, supra, and with which every member of the court agreed that “[t]he constitutional requirement to ‘participate’ meant nothing short of actual voting,” as the lower court had held.
I fail to find a dissimilarity between facts in this case and facts in the cited cases that would justify bending the definition and interpretation of “participate”, a respectable, unambiguous, simple word embedded in the Constitution to accommodate a voter who entered a booth and had not familiarized himself with voting machines, according to the stipulation, so that he could register a choice once he got there.